IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAY L.,[1] § § § *Plaintiff*, § § v. § § KILOLO KIJAKAZI,[2] § Acting Commissioner of Social § Security, § § *Defendant*. § | Case No. 4:19-cv-4362 |

## MEMORANDUM AND ORDER
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Ray L. ("Plaintiff") filed this suit seeking judicial review of the denial of disability insurance benefits ("DBI") under Title II of the Social Security Act ("the Act"), as well as review of the denial of supplemental security income ("SSI") under Title XVI of the Act. ECF No. 1.[3] The Parties filed cross-motions for summary judgment. ECF Nos. 9, 10. Based on the briefing and the record, the Court

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] The suit was originally filed against Andrew Saul, the then-Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted as Defendant.

[3] On March 23, 2021, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). ECF No. 4.

determines that Plaintiff's motion for summary judgment should be denied and Defendant's motion for summary judgment should be granted.

I.   **BACKGROUND**

Plaintiff is a 59-year-old man. R. 21, 96.[4] Plaintiff has a high school education. R. 21, 60. Plaintiff worked as a jewelry salesperson, cashier, and customer service clerk. R. 21, 57–58, 97–100. Plaintiff has not returned to work since at least the alleged disability onset date of September 15, 2010,[5] nor has he engaged in any other substantial gainful activity. R. 21, 96–97, 109–110.

Plaintiff claims he suffered from both severe physical and mental impairments. R. 21–22. Plaintiff states that he suffers from memory loss after a stroke in 2010. R. 102. Plaintiff also states that he suffers from a pain in his hands and feet related to his diabetes. R. 103.

On July 9 and 10, 2015, Plaintiff filed his application for DBI under Title II of the Act and his application for SSI under Title XVI of the Act, respectively. R. 455–68. Plaintiff based[6] his application on memory loss, stroke, and diabetes.

---

[4] "R." citations refer to the electronically filed Administrative Record, ECF No. 3.

[5] The ALJ used Plaintiff's initial alleged onset date of November 30, 2012, but Plaintiff amended it to September 15, 2010. R. 113.

[6] The relevant time period is September 15, 2010—Plaintiff's alleged onset date—through December 31, 2012—Plaintiff's last insured date. R. 21, 113. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin*, 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

R. 455–68, 512. The Commissioner denied his claims. R. 251–56. Plaintiff requested reconsideration, and the Commissioner again denied his claims. R. 257–58, 261–72.

Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on September 12, 2017. R. 92–132. An attorney represented Plaintiff at the hearing. R. 92. Plaintiff, Plaintiff's cousin, and a vocational expert testified at the hearing. R. 93. The ALJ issued a partially favorable decision, finding Plaintiff disabled beginning on July 10, 2015. R. 223–39. Plaintiff requested that the Appeals Council review the ALJ's decision. R. 91. The Appeals Council remanded the ALJ's decision, finding insufficient evidence that Plaintiff became disabled beginning July 10, 2015. R. 245–48.

Upon remand, the ALJ held another hearing on January 31, 2019. R. 37–71. Plaintiff was represented by counsel. R. 37. Plaintiff, a medical expert, and a vocational expert testified at the hearing. R. 38. The ALJ issued a partially favorable decision, finding Plaintiff not disabled from his alleged onset date, September 15, 2010, to July 10, 2015, but disabled from July 10, 2015 through March 13, 2019, the date of the ALJ's decision.[7] R. 12–30. Plaintiff requested that the Appeals Council

---

[7] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ determined Plaintiff was not disabled from September 15, 2010 to July 10, 2015 at step five. The ALJ also determined that Plaintiff was disabled from July 10, 2015 through March 13, 2019 at step three. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. R. 21. At step two, the ALJ found that Plaintiff has the following severe impairments: mild neurocognitive disorder, residual effects with status post cerebrovascular accident, diabetes with neuropathy, and diabetic foot ulcers. *Id.* At step three, the ALJ determined that, prior to July 10, 2015, Plaintiff did not have an impairment or

review the ALJ's decision. R. 451–54. The Appeals Council denied Plaintiff's request for review. R. 1–6.

Plaintiff filed this civil action, ECF No. 1, challenging the ALJ's analysis and seeking remand or award of benefits. Pl.'s MSJ Brief, ECF No. 9 at 9. Defendant opposes Plaintiff's motion, arguing that the ALJ did not commit any reversible error, and that the ALJ's findings were proper and supported by substantial evidence. Def.'s MSJ Brief, ECF No. 11 at 5–9.

## II. STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision

---

combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). R. 22. The ALJ found that, through the date last insured of December 31, 2012, Plaintiff had the Residual Functional Capacity ("RFC") to: lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; stand or walk six hours in an eight-hour workday with normal breaks; and sit six hours in an eight-hour workday with normal breaks. However, the work could not require climbing ropes, ladders, or scaffolds and was limited to occasionally climbing ramps or stairs. The work was additionally limited to occasionally balancing, stooping, kneeling, crouching, or crawling. Further, the work was limited to frequent, but not constant, gross handling and fine fingering with the left upper extremity. As well, the work was limited to understanding, remembering, and carrying out simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple work-related decisions, and in general relatively few workplace changes in a routine work setting. R. 23. At step four, the ALJ determined that, since November 30, 2012, Plaintiff was unable to perform any past relevant work. R. 26. At step five, the ALJ concluded that prior to July 10, 2015, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including mail clerk (non-postal), laundry sorter, and office cleaner. R. 26–27. However, the ALJ also concluded that beginning on July 10, 2015, the severity of Plaintiff's impairments met the criteria of section 12.02 of 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d) and 416.925). R. 27–29. Therefore, the ALJ concluded that Plaintiff was not disabled prior to July 10, 2015, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision. R. 29.

of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any facts, if supported by substantial evidence, shall be conclusive[.]

*Id*.

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id*.; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestekl*, 139 S. Ct. at 1154.

"The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Roeber v. Berryhill*, No.

5

17-CV-01931, 2018 WL 3745674, at *3 (S.D. Tex. Aug. 7, 2018) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id*. (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises two issues. First, Plaintiff argues that the ALJ erred in determining Plaintiff's disability onset date. ECF No. 9 at 1, 3–4, 7–8. Second, Plaintiff contends that substantial evidence does not support the ALJ's decision. *Id*.

at 1, 5–7. Defendant argues that the ALJ committed no reversible error and substantial evidence supports the ALJ's decision. ECF No. 11 at 5–9.

### A. The ALJ Did Not Err When Determining Plaintiff's Disability Onset Date.

"To qualify for disability benefits a claimant must demonstrate an inability to 'engage in any substantial gainful activity' attributable to a medically determinable physical or mental impairment which can be expected to last for at least 12 months." *Sullivan v. Ivy,* 898 F.2d 1045, 1048 (5th Cir. 1990) (citation omitted). However, a claimant is eligible for benefits "only if the onset of the qualifying medical impairment began on or before the date the claimant was last insured." *Id.* A claimant bears the burden of establishing that the disabling condition existed before the expiration of his insured status. *Id.* Plaintiff claims that his mental impairment existed as of the onset date on September 15, 2010, after he suffered a stroke, two years before his last insured status on December 31, 2012. *See, e.g.,* ECF No. 9 at 9.

Plaintiff asserts that the ALJ erred when determining the onset date of Plaintiff's disability. ECF No. 9 at 1, 3–4, 7–8. Plaintiff argues that the ALJ failed to follow Social Security Ruling 83-20 ("SSR 83-20")[8] by applying his own standard for determining the date of onset. *Id.* at 4. Plaintiff further contends that the ALJ

---

[8] Plaintiff cites SSR 80-23 in his brief. ECF No. 9 at 4. The Court assumes Plaintiff intended to cite SSR 83-20 ("Titles II and XVI: Onset of Disability").

failed to follow SSR 83-20 by accepting the testimony from a medical advisor that an arbitrary date of six months prior to examination is relevant to the date of onset. *Id.* Lastly, Plaintiff argues that the ALJ erred by failing to consider his testimony about his condition at the alleged date of onset. *Id.* at 8. Defendant counters that Social Security Ruling 18-01p ("SSR 18-01p"), rather than SSR 83-20, governs an ALJ's determination of a claimant's disability onset date, and that the ALJ properly followed SSR 18-01p when determining Plaintiff's disability onset date. ECF No. 11 at 7–9.

Social Security Rulings are published under the Commissioner's authority and are binding on all components of the Social Security Administration ("SSA"). 20 C.F.R. § 402.35(b)(1). In cases filed on or after October 2, 2018, or pending on or after that date, the SSA will apply SSR 18-01p when making a determination. SSR 18-01p, 83 Fed. Reg. 49613, 49616 (Oct. 2, 2018). SSR 18-01p rescinded and replaced parts of SSR 83-20 and clarified how the SSA determines the established onset date ("EOD") in disability claims under Titles II and XVI of the Act. *Id.* at 49613. SSR 18-01p states,

> If we find that a claimant meets the statutory definition of disability and meets the applicable non-medical requirements during the period covered by his or her application, we then determine the claimant's EOD. Generally, the EOD is the earliest date that the claimant meets both the definition of disability and the non-medical requirements for entitlement to benefits under title II of the Act or eligibility for SSI payments under title XVI of the Act during the period covered by his or her application.

*Id.* at 49613–14. For "exacerbating and remitting impairments" that can be expected to worsen over time, the ALJ will determine "the first date" that the claimant met the statutory definition of disability. *Id.* at 49615. When determining when a claimant first meets the statutory definition of disability the ALJ "tak[es] into account the date the claimant alleged that his or her disability began," and his determination "must be supported by the medical and other evidence and be consistent with the nature of the impairment(s)." *Id.*

Once the ALJ found Plaintiff disabled, he was required to determine the onset date of Plaintiff's disability. Because the ALJ issued his decision on March 13, 2019, SSR 18-01p applies. *See* SSR 18-01p, 83 Fed. Reg. at 49616 ("We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions."). The ALJ was thus required to follow the considerations in SSR 18-01p when determining Plaintiff's disability onset date.

The Fifth Circuit has not yet construed SSR 18-01p. Unlike SSR 83-10, which required an ALJ to obtain the testimony of a medical expert before inferring a claimant's disability onset date, SSR 18-01p states that, when inferring the date that the claimant first met the statutory definition of disability, the ALJ may, but is not required to, call upon the services of a medical expert. *Compare* SSR 83-20, 1983 WL 31249, at *3 (S.S.A. 1983) ("[T]he administrative law judge (ALJ) should call on the services of a medical advisor . . . ."), *and Spellman v. Shalala*, 1 F.3d 357,

9

362–63 (5th Cir. 1993) (SSR 83-20 requires ALJ to obtain services of a medical expert when onset date is not definite and medical inferences must be made), *with* SSR 18-01p, 83 Fed. Reg. at 49615–16 ("[He or she] may call on the services of an ME . . . ."). This difference is inapplicable since the parties do not dispute that the ALJ obtained the testimony of a medical expert when he called on the services of Dr. Dan Hamill. R. 43–52. Both SSR 83-20 and SSR 18-01p provide that the ALJ's inference must be supported by the medical evidence. *Compare* SSR 83-20, 1983 WL 31249, at *3 ("The judgment, however, must have a legitimate medical basis."), *with* SSR 18-01p, 83 Fed. Reg. at 49615 ("The date . . . must be supported by the medical and other evidence and be consistent with the nature of the impairment(s).").

In determining Plaintiff's disability onset date, the ALJ applied SSR 18-01p. During the hearing, the ALJ identified a gap in the medical evidence regarding Plaintiff's medical conditions prior to 2015. R. 52. Since Plaintiff filed for SSI and DBI in 2015, most of Plaintiff's medical records date from 2015. In August 2010, Plaintiff suffered a stroke; however, Plaintiff was not diagnosed with a memory deficit until April 2014 and with a mild neurocognitive disorder and anxiety until September 2015. R. 649–53, 707, 868. When the medical evidence fails to establish a precise date of disability, SSR 18-01p permits an ALJ to infer when a claimant first meets the statutory definition of disability. SSR 18-01p, 83 Fed. Reg. at 49615–16; *see also Spellman*, 1 F.3d at 362 ("[W]hen the medical evidence regarding the

10

onset date of a disability is ambiguous and the [Commissioner] must infer the onset date, SSR 83-20 requires that that inference be based on an informed judgment."). SSR 18-01p instructs that the ALJ may use a medical expert when making such an inference. *Id.* SSR 18-01p also instructs the ALJ to consider evidence from other non-medical sources such as the claimant's family, friends, or former employers, if the ALJ cannot obtain additional medical evidence or it does not exist, and the ALJ cannot reasonably infer the date that the claimant first met the statutory definition of disability based on the medical evidence in the file. *Id.* at 49615. When inferring July 10, 2015 as the onset date of Plaintiff's disability, the ALJ relied on the medical records to the extent they existed, Plaintiff's testimony, the testimony of Plaintiff's cousin, and the testimony of the medical expert, Dr. Hamill. R. 52.

    Plaintiff contends that the ALJ adopted his own standard for inferring the onset date a claimant's disability, arguing that ALJ found the date of a claimant's application is the most relevant date from which to infer the onset of disability. *Id.* However, Plaintiff misstates the record. The ALJ stated that he did not have any evidence to support setting the onset date in 2010 when Plaintiff suffered his stroke as Plaintiff argued. R. 54. The ALJ explained that the date he selected was not about when Plaintiff filed his application, but rather the date on which there was sufficient evidence to support an onset date determination. *Id.* The ALJ also recognized that Plaintiff suffered from an illness that declined over time. *Id.* Rather than adopting

11

his own standard, the ALJ used the SSR 18-01p standard. The ALJ identified the date "supported by the medical and other evidence" and "consistent with the nature of the impairment(s)."

Plaintiff further contends that the ALJ erred by accepting the testimony from Dr. Hamill that an arbitrary date of six months prior to examination is relevant to the date of onset. ECF No. 9 at 4. However, Plaintiff misstates the record. Dr. Hamill testified that in his opinion Plaintiff met a Listing as of December 2015. R. 45. When the ALJ asked Dr. Hamill if he would support setting the onset date six months before his cognitive examination in December 2015, Dr. Hamill responded that there is a reasonable medical probability that Plaintiff met a Listing at that time. R. 46. When asked on cross examination if Plaintiff's present condition would be consistent with the beginning at the time of his stroke, Dr. Hamill said that it would not since Plaintiff's condition has declined over time and that the earliest that he could set the onset of Plaintiff's disability without conjecture is six months prior to the cognitive evaluation performed in December 2015. R. 50. Rather than proposing a different standard to use when calculating the onset date of a claimant's disability, Dr. Hamill provided his opinion on the date that the medical evidence supports.[9]

---

[9] This approach is consistent with the standard Plaintiff relies on, SSR 83-20, had it applied. *See Dunn-Johnson v. Comm'r of Soc. Sec. Admin.*, No. 3:10-CV-1826-BF, 2012 WL 987534, at *10 (N.D. Tex. Mar. 22, 2012) ("Under SSR 83-20, the onset date should be set on the date when it is most reasonable to conclude that the claimant's impairment was severe enough to cause the inability to engage in substantial gainful activity for at least twelve months.").

Plaintiff argues that the ALJ should have used SSR 83-20, which he alleges prescribes that the claimant's alleged onset date is the starting place and from there the ALJ must determine whether that date is consistent with the record. ECF No. 9 at 4; *see* SSR 83-20, 1983 WL 31249, at *2. Plaintiff cites *Ivy v. Sullivan* as support for the statement that the correct standard is to determine whether the alleged onset date is consistent with the work history, claimant's testimony, and the non-contemporaneous medical records. ECF No. 9 at 7 (citing *Ivy,* 898 F.2d at 1048). Even if SSR 83-20 applied, the ALJ did not err by rejecting Plaintiff's alleged onset date. The Court in *Ivy* further held that a "claimant's stated onset date is used as the established onset date when it is consistent with available evidence" and that "a claimant's onset date may be rejected only if reasons are articulated and the reasons given are supported by substantial evidence." 898 F.2d at 1048. Moreover, SSR 83-20 further provides that "[t]he medical evidence serves as the *primary* element in the onset determination." 1983 WL 31249, at *2 (emphasis added). When conducting the established onset date analysis, the ALJ took note of Plaintiff's alleged onset date, but rejected it because it was not supported by the available medical evidence and it was inconsistent with Plaintiff's testimony, the testimony of Plaintiff's cousin, the testimony of Dr. Hamill, and the record. R. 53 ("But the problem is, I don't have any evidence to support it back then. . ... We don't have any medical evidence and you need some of that.").

13

The ALJ did not err when determining the onset date of Plaintiff's disability. SSR 18-01p obligated the ALJ to determine the date that the claimant first met the statutory definition of disability. This determination had to be supported by the evidence and be consistent with the nature of claimant's impairment(s). The ALJ accounted for the date Plaintiff alleged that his disability began and the declining course of Plaintiff's cognitive impairment after his stroke. Further, the ALJ considered the hearing testimony and the available medical evidence. Rather than apply a new standard for determining the onset date of Plaintiff's disability, the ALJ applied the standard articulated in SSR 18-01p.

### B. Substantial Evidence Supports ALJ's Determination of Plaintiff's Disability Onset Date.

Plaintiff contends that substantial evidence does not support Plaintiff's determination that he was not disable prior to July 10, 2015. ECF No. 9 at 1, 5–7. Specifically, Plaintiff argues that the ALJ's determination is not supported by the record. *Id.* Defendant counters that substantial evidence does support the ALJ's decision. ECF 11 at 5–7.

To "determine whether a claimant meets the statutory definition of a disability," the Commissioner "shall consider all evidence available in [an] individual's case record, and shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability." SSR 18-01p, 83 Fed. Reg. at 49614 (quoting 42

U.S.C. § 423(d)(5)(B)). Where the ALJ must "determine when a claimant with a non-traumatic or exacerbating and remitting impairment first met the statutory definition of disability," the ALJ does so by:

> review[ing] the relevant evidence and consider[ing], for example, the nature of the claimant's impairment; the severity of the signs, symptoms, and laboratory findings; the longitudinal history and treatment course (or lack thereof); the length of the impairment's exacerbations and remissions, if applicable; and any statement by the claimant about new or worsening signs, symptoms, and laboratory findings. *Id.* at 49615

The onset date set by the ALJ "must be supported by the medical and other evidence and be consistent with the nature of the impairment(s)." *Id.*

In determining the onset date of Plaintiff's disability, the ALJ considered Plaintiff's testimony, the testimony of Plaintiff's cousin, the testimony of the medical expert Dr. Hamill, and the medical evidence in the record. The ALJ noted that Plaintiff had suffered a stroke in August 2010 and that testing showed evidence of prior strokes. R. 25. The ALJ further noted that subsequent treatment records indicated that Plaintiff had no residual effects from the 2010 stroke. R. 25. The ALJ found that this was consistent with Plaintiff's testimony and the testimony of Plaintiff's cousin. R. 25.

During the hearing, Plaintiff and Plaintiff's cousin testified that Plaintiff lives alone. R. 41, 64, 107, 114. Plaintiff and Plaintiff's cousin also testified that he was able to cook simple meals and take care of his personal needs. R. 64–68, 106–109, 114. Further, Plaintiff did not allege difficulty getting along with others and Plaintiff

15

and Plaintiff's cousin testified to good family support. R. 108, 114–115, 119–120. Lastly, Plaintiff worked some in 2011 and 2012 as a healthcare provider and as a real estate agent. R. 59, 97, 100–101. Plaintiff was not diagnosed with a memory deficit until April 2014. R. 653. A subsequent psychological consultative examiner diagnosed a mild neurocognitive disorder and anxiety in September 2015. R. 707.

Considering Plaintiff's diabetes, the ALJ noted that the record supported a history of diabetes since 2010 but Plaintiff did not begin to adhere to the prescribed treatment regimen until after the date last insured ("DLI"), on December 31, 2012. R. 25. Additionally, Plaintiff did not start complaining of neuropathic pain until February 2013 and his diabetic foot ulcer did not begin causing problems until April 2014. R. 621, 626, 653, 674, 806, 1407, 1420.

The ALJ considered the opinions of the State Agency Consultants but gave them limited weight prior to the DLI. R. 25. The Consultants did not render opinions until 2016 and 2017. R. 25. In addition, the medical evidence did not show significant diabetic symptoms until after the DLI, and Plaintiff's memory problems did not become severely limiting until well after the DLI. R. 25.

Lastly, the ALJ gave great weight to the testimony of Dr. Hamill that a *reasonable medical probability* supports an onset date that is five months before Plaintiff's December 2015 consultative examination. R. 26. Dr. Hamill explained the rationale for his opinions and was subject to cross-examination by Plaintiff's

counsel. R. 26. The ALJ also found Dr. Hamill's testimony to be consistent with the evidence as a whole. R. 26. Although the Fifth Circuit in *Spellman* found arbitrary an onset date determination similarly set six months prior to the date of the examination that revealed the impairment, unlike the ALJ in *Spellman*, the ALJ here used the services of a medical expert and thus made an informed judgment as to the onset date. *Cf. Spellman*, 1 F.3d at 363; *Loveless v. Astrue*, No. 7:08-CV-169-KA(O)(ECF), 2009 WL 1808705, at *4 (N.D. Tex. June 23, 2009) (finding arbitrary onset date set 5-6 months prior to date of the examination that revealed the new impairment made without benefit of a medical advisor).

It is the ALJ's job to weigh evidence and to choose what evidence to credit. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Although the medical evidence showed that Plaintiff suffered from several impairments during the period at issue, substantial evidence supports the ALJ's determination that Plaintiff's impairments did not become sufficiently severe to prevent him from working until July 10, 2015. *Spellman*, 1 F.3d at 363.

IV. **CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment, ECF No. 10, and **DENIES** Plaintiff's motion for summary judgment, ECF No. 9. Commissioner's determination that Plaintiff is not disabled

for purposes of receiving disability insurance benefits under Title II of the Social Security Act is **AFFIRMED**.

**SIGNED** at Houston, Texas, on August 24, 2021.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**